**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO.:**

**TOBI WEISBERG,**

     **Plaintiff,**

**v.**

**MIAMI LIGHTHOUSE FOR THE**
**BLIND AND VISUALLY IMPAIRED, INC.**

     **Defendant**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, TOBI WEISBERG, hereinafter referred to as "Plaintiff" by and through her undersigned counsel and sues the Defendant, MIAMI LIGHTHOUSE FOR THE BLIND AND VISUALLY IMPAIRED, INC., hereinafter referred to as "Defendant", and states as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 1331 and 1367.

2.     Venue lies within the United States District Court for the Southern District of Florida, Miami Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and it therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.     Defendant is a Florida Not for Profit Corporation, authorized and doing business in this Judicial District.  At all times material, Defendant employed Plaintiff.

4.      Defendant is an employer as defined by the laws under which this action is brought and employ the required number of employees.

5.      At all times material hereto, Defendant maintained a facility in Miami, Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

6.      At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

7.      At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

8.      Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

9.      Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

10.     Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on September 13, 2018.

11.     On May 6, 2019, the EEOC issued a Notice of Right to Sue related to Plaintiff's Charge of Discrimination.  A copy of the Charge of Discrimination and Dismissal is attached as **Exhibit A**.  This Complaint has been filed within ninety (90) days of the issuance of the Notice of Right to Sue; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

12.     Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

13.     Plaintiff is a 68-year-old female.

14.     In or around June 2016, Plaintiff began her employment with Defendant as a full-time Pre-School Teacher for Visually Impaired and Blind ("TVI").

15.     During her employment with Defendant, Plaintiff understood that she was performing her job well and received positive performance evaluations.

16.     On or about June 22, 2018, Plaintiff was admitted to the hospital due to cellulitis and MRSA in her right foot.

17.     Despite Plaintiff's hospitalization, Defendant did not offer or provide her with leave under the Family and Medical Leave Act ("FMLA").

18.     While Plaintiff was in the hospital, Plaintiff communicated with her supervisor, Isabel Chica (Director of Children's Services).

19.     On one occasion, Chica sent Plaintiff a text message telling Plaintiff that she would be terminated from her job if she did not renew her certification with the Florida Department of Education.

20.     On or about June 26, 2018, Plaintiff was released from the hospital.

21.     On or about June 27, 2018, Plaintiff returned to work.

22.     Prior to Plaintiff's hospitalization, Liana De Angelis (Assistant Director) assisted Plaintiff with providing the Florida Department of Education with Plaintiff's re-certification paperwork.

23.     On or about June 28, 2018, Plaintiff met with Chica for a performance evaluation. In the section that included an inquiry related to Plaintiff's certification, Chica noted "good" and acknowledged that it was being worked on.

24.     On or about June 29, 2018, Plaintiff was terminated from her job with Defendant.

25.     Plaintiff was called into a meeting with De Angelis and Lourdes Hurtado (Human Resources).  They discussed Plaintiff's certification and Plaintiff reiterated that she submitted the paperwork and spoke with a representative from the Florida Department of Education. Furthermore, Plaintiff told De Angelis and Hurtado that the representative told her that there would be approximately an eight (8) week lag in the re-certification process, but her certification would not lapse during that time because the re-certification would apply retroactively.

26.     To confirm, Plaintiff, De Angelis and Lourdes Hurtado called the representative from the Florida Department of Education and he reiterated what Plaintiff previously told De Angelis and Hurtado.

27.     Despite the confirmation from the Florida Department of Education, Hurtado told Plaintiff that it was not good enough and, therefore, Plaintiff was terminated.

28.     Plaintiff has personal knowledge that three (3) other employees of the Defendant do not have their license or certification.

29.     All three employees are substantially younger than Plaintiff (20s) and did not have to miss work time recently due to a disability.

30.     One of the employees, Dawn Swineheart-Jones worked in the same position as Plaintiff.  The other two employees, Eliana Golijova and Stephania Desir were pre-school teachers.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT—DISCRIMINATION

31.    Plaintiff, TOBI WEISBERG, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

32.    Plaintiff is a member of a protected class under the Age Discrimination in Employment Act and was qualified for her job with Defendant.

33.    By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.  Specifically, Defendant terminated Plaintiff's employment because of her age.

34.    Defendant knew, or should have known of the discrimination.

35.    Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional and willful.

36.    Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

37.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, TOBI WEISBERG, demands a trial by jury and judgment against Defendant, MIAMI LIGHTHOUSE FOR THE BLIND AND VISUALLY IMPAIRED, INC., for:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Liquidated damages;

e.    Injunctive relief;

f.     Attorneys' fees and cost;

g.     For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT – AGE DISCRIMINATION

38.     Plaintiff, TOBI WEISBERG, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

39.     Plaintiff is an individual entitled to protection under the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

40.     Plaintiff is an employee within the meaning of the Florida Civil Rights Act.

41.     Plaintiff was a member of a protected class under the FCRA and was qualified for her job with Defendant.

42.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff because of Plaintiff's age.   Specifically, Defendant discriminated against Plaintiff by terminating Plaintiff's employment with Defendant.

43.     The above described acts of age discrimination constitute a violation of the Florida Civil Rights Act, for which Defendant is liable.

44.     Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

45.     Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

46.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, TOBI WEISBERG prays for the following damages against Defendant, MIAMI LIGHTHOUSE FOR THE BLIND AND VISUALLY IMPAIRED, INC.:

a.  Back pay and benefits;

b.  Prejudgment interest on back pay and benefits;

c.  Front pay and benefits;

d.  Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e.  Punitive damages;

f.  Attorneys' fees and costs;

g.  Injunctive relief; and

h.  For any other relief this Court deems just and equitable.

## COUNT III
## AMERICANS WITH DISABILITIES ACT – DISCRIMINATION

47.     Plaintiff, TOBI WEISBERG, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

48.     Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. §12112 *et seq*.

49.     Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

50.     Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended.  Specifically, Plaintiff's cellulitis-related and MRSA disabilities substantially limited one or more major life activities and/or major bodily functions.

51.     Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

52.     By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and/or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans with Disabilities Act, as amended. Specifically, Defendant terminated Plaintiff's employment with Defendant.

53.     The above described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendant is liable.

54.     Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

55.     Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

56.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.      Back pay and benefits;

b.      Prejudgment interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e.      Punitive damages;

f.      Attorneys' fees and costs;

g.      Injunctive relief; and

h.      For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT – DISABILITY/HANDICAP DISCRIMINATION

57.     Plaintiff, TOBI WEISBERG, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

58.     Plaintiff is an individual entitled to protection under the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

59.     Plaintiff is an employee within the meaning of the Florida Civil Rights Act.

60.     Plaintiff is an individual with a disability/handicap within the meaning of the Florida Civil Rights Act.  Specifically, Plaintiff's cellulitis and MRSA disabilities substantially limited one or more major life activities and/or major bodily functions.

61.     Plaintiff was a qualified individual with a disability within the meaning of the Florida Civil Rights Act, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

62.     By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Florida Civil Rights Act.  Specifically, Defendant terminated Plaintiff's employment with Defendant.

63.     The above described acts of disability discrimination constitute a violation of the Florida Civil Rights Act, for which Defendant is liable.

64.     Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

65.     Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

66.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a.     Back pay and benefits;

      b.     Prejudgment interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

      e.     Punitive damages;

      f.     Attorneys' fees and costs;

      g.     Injunctive relief; and

      h.     For any other relief this Court deems just and equitable.

## COUNT V
## FAMILY AND MEDICAL LEAVE ACT - INTERFERENCE

67.     Plaintiff, TOBI WEISBERG, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

68.     Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

69.     Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding her FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

70.     Defendant is a covered employer under the FMLA in that it had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

71.     Plaintiff was entitled to leave under the FMLA due to her own serious health condition.

72.     Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights. Specifically, Defendant failed to offer or provide Plaintiff with the leave she was entitled under the FMLA.

73.     Defendant's actions constitute violations of the FMLA.

74.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

        a.     Back pay and benefits;

        b.     Prejudgment interest on back pay and benefits;

        c.     Front pay and benefits;

        d.     Liquidated damages;

        e.     Attorneys' fees and costs;

        f.     Injunctive relief; and

        g.     For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

75.     Plaintiff demands a trial by jury on all issues so triable.

**DATED** this 11th day of July 2019.

        **FLORIN GRAY BOUZAS OWENS, LLC**

        */s/ Gregory Owens*
        **GREGORY A. OWENS, ESQUIRE**
        Florida Bar No.: 51366
        greg@fgbolaw.com
        **WOLFGANG M. FLORIN, ESQUIRE**
        Florida Bar No.: 907804
        wolfgang@fgbolaw.com
        16524 Pointe Village Drive

Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)